64 F.3d 659
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
William R. BOWLES, Defendant-Appellant.
 No. 94-5880.
 United States Court of Appeals, Fourth Circuit.
 Argued July 13, 1995.
Decided Aug. 18, 1995.
 
 ARGUED: Richard Andrew Davis, Charlottesville, VA, for Appellant. Kenneth Martin Sorenson, Assistant United States Attorney, Roanoke, VA, for Appellee. ON BRIEF: Robert P. Crouch, Jr., United States Attorney, J. Alexander Boone, Third Year Law Intern, Roanoke, VA, for Appellee.
 Before WILKINSON and LUTTIG, Circuit Judges, and G. ROSS ANDERSON, JR., United States District Judge for the District of South Carolina, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Bowles challenges the sentencing court's decision to impose a longer sentence than the maximum specified by the Guidelines. We affirm.
 
 
 2
 Bowles was convicted of possession of a firearm by a convicted felon in violation of 18 U.S.C. Sec. 922(g). After his conviction, but before sentencing, a United States Magistrate Judge granted Bowles' motion for a one-week release from custody. Bowles did not return as ordered. He was arrested in North Carolina and later pled guilty to a charge of failure to appear in violation of 18 U.S.C. Sec. 3146(a)(1). At sentencing, the trial court found that the sentencing guidelines did not adequately reflect Bowles' criminal history and contempt for the law. He departed upward and sentenced Bowles to sixty months in prison.
 
 
 3
 Bowles' criminal history spans ten years. It includes convictions for assault on a police officer, obstruction of justice, and two previous failures to appear. When arrested for the firearms possession charges, Bowles was on probation. The probation arose from convictions for grand larceny and possession of a controlled substance. His lengthy criminal record resulted in seventeen criminal history points. Thirteen points establish a criminal history category of VI, the highest category. Thus, Bowles' criminal history placed him four points above the maximum category.
 
 
 4
 Bowles' conviction for possession of a firearm by a convicted felon carried an offense level of fourteen. Bowles received a two-point enhancement for obstruction of justice based on his failure to appear. Thus, Bowles' total offense level was sixteen.
 
 
 5
 At sentencing, the judge grouped the firearms conviction with the failure to appear conviction. The resulting guideline range was forty six to fifty-seven months. The judge reviewed Bowles' lengthy and serious criminal history, his contempt for the judicial system, and the seriousness of his recent convictions. Next, the judge determined that the Guideline range did not adequately punish Bowles. He then sentenced Bowles to the fifty-seven-month upper limit and added a three-month upward departure for Bowles' lengthy criminal history and contempt for the justice system.
 
 
 6
 The sentencing Court properly departed from the Guidelines. An upward departure must be reasonable. See United States v. Summers, 893 F.2d 63, 66 (4th Cir.1990). We review an upward departure with a four-part test for reasonableness. United States v. Palinkas, 938 F.2d 456, 461 (4th Cir.1991); United States v. Hummer, 916 F.2d 186, 192 (4th Cir.1990), cert. denied, 499 U.S. 970 (1991). First, we make a de novo determination of whether the Guidelines adequately consider the specific reasons for the departure. Second, we review for clear error the factual findings supporting the departure. Third, we review, for abuse of discretion, the sentencing judge's determination that the departure factors are important enough to justify an upward departure. Finally, we review the reasonableness of the departure for abuse of discretion.
 
 
 7
 Bowles contests only the first element of the test--whether the Guidelines adequately consider the judge's stated reasons for departure. Bowles argues that the sentencing judge departed upward solely to punish him for failing to appear and that the Guidelines already increased his sentence for this offense.
 
 
 8
 The Guidelines provide a two-point enhancement for obstruction of justice, and the sentencing judge stated lack of punishment as a reason for the departure. However, the judge did not increase the sentence solely for Bowles' failure to appear. The judge adopted the presentence report and relied on its findings. The judge also relied on Bowles' extensive criminal record and repeated disdain for the judicial system for his findings that the Guidelines did not provide adequate punishment.
 
 
 9
 The Guidelines did not adequately reflect Bowles' extensive criminal history. Bowles amassed seventeen criminal history points, placing him four points above the amount required for the highest criminal category. In addition, Bowles' prior offenses include assault on police officers and two other failures to appear. Bowles has also had many charges against him dismissed. Furthermore, many of Bowles' earlier arrests and convictions concern firearms violations and a failure to respect authority--the same offenses that led to his present sentence. The sentencing judge commented that Bowles' conduct and demeanor clearly reflected contempt for the law and an orderly society. The judge correctly held that the Guidelines do not adequately reflect Bowles' history, demeanor, contempt for the law, and the similarity of his previous convictions to the offense for which he was sentenced.
 
 
 10
 The Guidelines did not adequately reflect Bowles' criminal history and disdain for the judicial system. The record supports the sentencing judges' findings. Bowles' record and disdain for the justice system justify an upward departure. Considering these circumstances, the three-month upward departure was reasonable.
 
 AFFIRMED